## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

EQUAL EMPLOYMENT OPPORTUNITY                                          PLAINTIFF
COMMISSION

v.                              No. 3:11CV00196 JLH

AT&T d/b/a SOUTHWESTERN
BELL TELEPHONE COMPANY                                                DEFENDANT

### PROTECTIVE ORDER

This Protective Order protects against the unnecessary disclosure of confidential or proprietary information, such as medical records, trade secrets, personnel documents, or other information the confidentiality or privacy of which is protected by statute or obligated by contract. This material may be stamped "CONFIDENTIAL" by the producing party, and if so stamped, will be subject to the provisions of this Protective Order. The Protective Order shall remain in effect for the duration of this litigation unless otherwise ordered by the Court or agreed by the Parties.

**IT IS HEREBY ORDERED:**

**1.     Definitions.**  For the purpose of this Order, the following Definitions shall apply:

a.     "Action" shall mean the above-captioned action, *Equal Employment Opportunity Commission v. Southwestern Bell Telephone Company.*, Civil Action No. 3:11CV00196, pending in the United States District Court for the Eastern District of Arkansas, Jonesboro Division and, if applicable, all subsequent appellate, review, remand, and severed proceedings related thereto.

b.     "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the protected materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

c. "Parties" shall mean the named parties to this Action. A "Party" shall mean any of the Parties.

d. "Third Party" shall mean any natural person, partnership, corporation, association or other legal entity that is not a named Party, as defined above, to this Action.

e. "Producing Party" shall mean any Party or Third Party that produces, intends to produce or has been requested, subpoenaed or otherwise required to produce any Confidential Material, as hereinafter defined, in this Action.

f. "Receiving Party" shall mean any Party that receives any Confidential Material, as hereinafter defined, in this Action.

g. "Confidential Material" shall mean:

　　i. medical records;

　　ii. personnel files;

　　iii. company forms, manuals and guides;

　　iv. information subject to confidentiality or non-disclosure agreements;

　　v. information that is protected by rights of privacy under state and federal constitutions; and,

　　vi. any other information that would qualify as confidential pursuant to the Federal Rules of Civil Procedure or any other applicable legal standard.

**2. Use of Confidential Material.**

a. Confidential Material received by a Party shall be used by that Party and its counsel solely for purposes of this Action and shall not be used for any other purpose, including without limitation any business, commercial, or personal purpose.

b. This Order shall not be deemed to preclude or affect a Producing Party's use of its own Confidential Material, for any purpose, or a Party's use of any documents, materials or information obtained independently of discovery in this Action.

c. The Parties, in conducting discovery from Third Parties, shall attach to such discovery requests a copy of this Order and a cover letter that will apprise such Third Parties of their rights hereunder.

**3.  Disclosure of Confidential Material.**

a. Confidential Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except:

> i. The Court and its personnel;
>
> ii. The Parties;
>
> iii. Counsel to the Parties;
>
> iv. Clerks, paralegals, secretaries and other persons employed by such Counsel to provide litigation support regarding this Action;
>
> v. Experts and professional consultants who have been retained by the Parties' counsel and who have a need to know said Confidential Material in order to assist Counsel in this litigation, including preparation for the trial.
>
> vi. Court Reporters and deposition transcript reporters;
>
> vii. Any of the author(s) and recipient(s) of such Confidential Material, as indicated on the face of the document, record or thing or as otherwise established; and
>
> viii. A potential witness whose deposition is being taken, provided that witness:

    (a)  has personal knowledge as to the substance of the Confidential Material, provided that non-parties do not receive copies of the documents or otherwise record for their use any information contained in the documents; or

    (b)  is an expert who is designated by a Producing Party or who is entitled to access to such Confidential Material under the terms of this Order; or

    (c)  is a designated corporate representative witness.

  b.  Counsel for the Parties or their staff shall at all times have and maintain physical custody and control over all Confidential Material and also be responsible for ensuring that such Material does not leave their custody and is not disclosed orally. Failure to make diligent efforts to do so shall be grounds for imposition of sanctions at the discretion of the Court.

**4.**  **Depositions.**

If Information designated as "CONFIDENTIAL" is to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those persons or entities described in paragraphs 3.a., the deponent must be required to acknowledge on the record, before any identification, discussion or disclosure of Information occurs, that he or she has been advised of and has agreed to be bound by the terms of this Protective Order.

**5.**  **Deposition Designations.**

A party may designate as "CONFIDENTIAL" portions of any deposition transcript wherein Information designated as "CONFIDENTIAL" is identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made on the record during the deposition or by letter sent by facsimile or electronic mail to opposing counsel within five business days after receipt of the transcript. The portions of a deposition transcript that a party wishes to designate as "CONFIDENTIAL" must be

identified as such no later than 5:00 p.m. Central Time on the fifth business day after receipt of the transcript. All information designated "CONFIDENTIAL" is subject to this Protective Order. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the fifth business day after receipt of the transcript are excluded from the protections of this Protective Order.

**6.     Filing Under Seal.**

If information designated as "CONFIDENTIAL" that pertains to employee (current or former) discipline records is filed with the Clerk of this Court, it must be filed in a sealed envelope in compliance with Section IV.B of this Court's CM/ECF Administrative Policies and Procedures Manual for Civil Filings. The sealed envelope also must contain the following statement:

> CONFIDENTIAL: THE CONTENTS OF THIS ENVELOPE ARE NOT TO BE SCANNED AND ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT OR AN ATTORNEY IN THIS CASE.

**7.     Redaction of Salary Information.**

Before filing any document with the Court that contains the salary of current or former employees, the parties agree to redact that information if it is not relevant to the issues of this case.

**8.     Challenging Confidentiality Designations.**

In the event that any party disagrees with the designation of any item as confidential and subject to this Protective Order, that party will send a written notice to counsel of record specifying the item in question. The parties will attempt in good faith to resolve any disagreement over the confidentiality of the item. Should the parties fail to reach agreement, the producing party may, within 21 days of receiving a written notice specifying the items in question, file a Motion to Preserve Confidential Status. Any item in dispute will continue to be treated as confidential and

subject to this Order until such time as the court rules that it is not. Should the producing party fail to file, within 21 days of receiving such written notice, a motion with the court to preserve the confidential status of such documents, the documents will be deemed not confidential.

**9. Duty to Report.**

When any counsel of record in this Action or any counsel who has executed or filed a confidentiality agreement or confidentiality undertaking becomes aware of any violation of this Order or of a confidentiality agreement or undertaking related to this Action, or of facts constituting good cause to believe that such a violation may have occurred, such counsel shall promptly report, with all relevant particulars to assist in aiding any investigation, to this Court and to counsel for the Producing Party that there may have been such a violation.

**10. Continuing Jurisdiction.**

After the conclusion of this Action, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the Parties and any other person who has had access to Confidential Material pursuant to this Order, to enforce the provisions of the Order.

**11. Conclusion of Litigation.**

Upon conclusion of this litigation, whether by judgment, settlement, or otherwise, to the extent permitted by law, counsel of record and each Party, person, and entity who obtained Confidential Materials subject to this Order shall assemble and destroy all Confidential Materials. No originals, copies, summaries, or other embodiment of any such Confidential Materials will be retained by any person or entity to whom disclosure was made.

As a federal agency, the Equal Employment Opportunity Commission is required to maintain litigation files and materials for at least three (3) years from the final resolution of completed

litigation. The Commission is exempted from Paragraph 7 to the extent it conflicts with the Commission's federal agency record-keeping requirements.

**12. Privilege.**

Nothing in this Protective Order shall constitute a waiver of the attorney-client, attorney work product, or trial preparation privileges or limit any party to object to the scope of discovery or to any particular discovery request in this litigation. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client and, in the course thereof, relying generally on his or her examination of confidential items.

**13. Violations.**

Any violation of the terms of this Protective Order may result in sanctions to be fixed by the Court in its discretion.

IT IS SO ORDERED this 14th day of August, 2012.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE