IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOUTHWESTERN BELL TELEPHONE COMPANY, )<br>)<br>)<br>Defendant. ) | CIVIL ACTION NO.<br><br>3:11-CV-00196-JLH |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("Commission") and Defendant Southwestern Bell Telephone Company ("Defendant") enter into this Consent Decree ("Decree") to resolve this case.

The Commission filed its original Complaint on September 29, 2011, to remedy unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII") and Title I of the Civil Rights Act of 1991. The Commission filed an Amended Complaint on January 27, 2012, setting forth the same allegations contained in the original Complaint but changing the name of the Defendant. In the Amended Complaint, the Commission alleges that Defendant discharged Antonnett Johnson based on her race and sex and in retaliation for her complaints about discrimination. Defendant denies that it discriminated against Antonnett Johnson based on her race or sex or in retaliation for her complaints of discrimination.

This Decree does not constitute a finding on the merits of the case and does not constitute an admission by Defendant of the allegations in the Amended Complaint. The Commission and Defendant have consented to entry of this Decree to avoid the additional expense and other burdens that continued litigation of this case would involve.

This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referred to herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. The parties have made no representations or inducements to compromise this action other than those recited or referenced in this Decree. In the event the Court does not approve this Decree, the parties agree not to admit it in evidence in any subsequent proceeding in this lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds:

  a. This Court has jurisdiction of the subject matter of this action and the parties.

  b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the Commission, the Defendant, and the public interest.

  c. This Decree conforms to the Federal Rules of Civil Procedure and Title VII, and does not diminish the rights or privileges of any person. The entry of this Decree furthers the objectives of Title VII and appears in the best interests of the parties and the public.

It is hereby **ORDERED, ADJUDGED, AND DECREED**:

### I. JURISDICTION

1. The United States Court for the Eastern District of Arkansas, Jonesboro Division, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement.

2. No party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

### II. SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 3:11-CV-00196-JLH alleging unlawful employment practices by Defendant based on Charge No. 846-2010-10443 filed by Antonnett Johnson. Notwithstanding any provisions contained herein, this Decree shall not be considered in any manner to be dispositive of any charges now pending before any office of the Commission other than Charge No. 846-2010-10443.

4. Upon the date the Court enters the Decree, the provisions of this Decree become immediately effective and binding upon the parties to this lawsuit for one year after the effective date of this Decree.

5. Defendant, its officers, agents, management (including supervisory employees), successors, and assigns shall not discharge any employee based on the employee's race or sex.

6. Defendant, its officers, agents, management (including supervisory employees), successors, and assigns shall not retaliate against any employee because that employee complained of or opposed discriminatory treatment.

### III. POLICIES AND PROCEDURES

7. Defendant will redistribute the anti-harassment policy contained in its Code of Business Conduct ("COBC"), the COBC guidelines pages related to anti-harassment, and the Defendant's EEO Policy to its Core Installation and Maintenance group employees in Jonesboro, Arkansas.

### IV. TRAINING

8. Defendant will continue its annual training program regarding race, sex and retaliation discrimination under Title VII to its Core Installation and Maintenance group employees in Jonesboro, Arkansas.

9. Defendant's annual training includes the following:

   a. Race discrimination;

   b. Sex discrimination;

   c. What constitutes retaliation under Title VII;

   d. Examples of race, sex, and retaliation discrimination;

   e. Management's responsibility in reporting complaints of race, sex, and retaliation discrimination.

### V. REPORTING

10. Defendant will provide one report to the Commission within the eleven-month period after this Decree is entered. The report will state whether there have been any complaints of race, sex, and retaliation discrimination in its Core Installation

and Maintenance group in Jonesboro, Arkansas, during said eleven-month period, and shall state whether the Defendant investigated the complaint, and whether the complaint was substantiated or not.

11. The report will also include a certification that Defendant continued its annual training program referenced in Section IV, Paragraph 8 of this Decree to the Core Installation and Maintenance group employees in Jonesboro, Arkansas; that it redistributed its policy to the Core Installation and Maintenance group employees in Jonesboro, Arkansas; and that the notice required to be posted pursuant to Section VI of this Decree remained posted from the entry of this Decree.

12. Defendant will submit its report within eleven months of entry of the Decree.

13. Defendant will forward the report to Pamela B. Dixon, Senior Trial Attorney, at the Commission's Little Rock Area Office.

### VI. POSTING

14. Defendant must also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000-10.

15. Within 10 days of the entry of this Decree, Defendant shall post and cause to remain posted for a period of one year at its Core Installation and Maintenance location in Jonesboro, Arkansas, the notice attached as Exhibit A. Defendant shall place the notice on company letterhead and all type shall be in the same typeface and size as Exhibit A. Defendant will post Exhibit A in a conspicuous place upon its premises where it customarily posts notices to applicants and employees.

## VII. INDIVIDUAL RELIEF

16.     Defendant will pay a total of $30,000.00 ("Settlement Funds") to Antonnett Johnson in full and final settlement of the claims brought under the Commission's Amended Complaint.  One-half ($15,000.00) of the Settlement Funds will be designated as back pay from which Defendant will subtract the standard deductions; the remaining half ($15,000.00) will be designated as compensatory damages for which Antonnett Johnson shall be responsible for any tax consequences arising from her receipt of these funds. Defendants will issue Antonnett Johnson a 1099 form for the Settlement Funds designated as compensatory damages.

17.     Within 20 business days of the entry of this Decree by the Court, Defendant shall mail two checks to Antonnett Johnson, via certified mail, based on the address provided to Defendant by the Commission. One check will be for the back pay amount, less standard deductions; the second check in the amount of $15,000.00 will be for compensatory damages for which Defendant will issue a Form 1099.  At the same time, a copy of the two checks and related correspondence will be mailed to Pamela B. Dixon, Senior Trial Attorney, at the address below.

18.     Late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

19.     Defendant shall reinstate Antonnett Johnson as soon as reasonably practicable, but no later than 30 days from the entry of this Decree, to a customer service technician position in the Helena-West Helena, Arkansas location.  Antonnett Johnson's salary (including all raises) and benefits (including employer contributions) will be equal to that of a customer service technician with Antonnett Johnson's years of

service as of the time she left the payroll of Defendant.  Defendant will petition the Benefits Administrator to immediately bridge her existing service, with credit for the time she worked through December 1, 2009.  However, Antonnett Johnson will not receive pension credit or other benefits for the period beginning December 1, 2009, through the date of her reinstatement, nor will Antonnett Johnson have accrued vacation from December 2, 2009, through the date of her reinstatement.

20.   Except for any information that may have been shared by Defendant regarding holding open the vacant position in Helena-West Helena, going forward, Antonnett Johnson's Charge of Discrimination, this lawsuit, or any of the facts related to her rehire that relate to either the Charge or the lawsuit will not be discussed with her new immediate supervisor upon reinstatement.

## VIII. NOTIFICATION OF SUCCESSORS

21.   Defendant shall provide notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, and any other corporation or other entity that acquires Defendant.  The successors, assigns, acquiring entities, and any surviving entities upon merger or consolidation shall be fully liable for complying with the terms of the Decree.

## IX. ENFORCEMENT

22.   If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree.  The Commission will provide ten days' notice to Defendant of any deficiency in complying with the terms of this Decree.  If the parties are unable to reach agreement regarding resolution of any such

deficiency in Defendant's compliance with the terms of this Decree, the Commission will then have the option of petitioning the Court for relief.

## X. MISCELLANEOUS PROVISIONS

23. Each party to this Decree shall bear its own costs, attorney fees, and expenses in this lawsuit.

24. If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

25. When this Decree requires a certification by Defendant of any facts included in any report submitted by the Defendant to the Commission, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

**IT IS SO ORDERED** THIS 5th DAY OF March, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

APPROVED BY THE PARTIES:

| FOR THE COMMISSION: | FOR DEFENDANT: |
|---|---|
| | |

**P. David Lopez**  /s/Phillip E. Kaplan
General Counsel  Phillip E. Kaplan
 Marie-Bernarde Miller
**Gwendolyn Young Reams**  Williams & Anderson PLC
Associate General Counsel  Twenty-Second Floor
 111 Center Street
/s/Faye A. Williams  Little Rock, AR 72201
**Faye A. Williams**  (501) 396-8432 (Direct Dial)
Regional Attorney  (501) 372-6453 (fax)

/s/Joseph M. Crout
**Joseph M. Crout**
Supervisory Trial Attorney

Equal Employment Opportunity Comm.
1407 Union Avenue, Suite 901
Memphis, TN 38104
Tel. (901) 544-0136
Fax (901) 544-0111

/s/Pamela B. Dixon
**Pamela B. Dixon**
Senior Trial Attorney
Equal Employment Opportunity Comm.
820 Louisiana, Ste. 200
Little Rock, AR 72201
Tel. (501) 324-5065
Fax (501) 324-5991

EXHIBIT A

## NOTICE TO ALL EMPLOYEES

Discrimination based on race, sex, and retaliation violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment. It is also unlawful under Title VII to retaliate against any employee who opposes a practice made unlawful under federal law or files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII.

Southwestern Bell Company will not tolerate or condone discrimination or retaliation against any employee or applicant for employment. Race and sex discrimination, including retaliation, is a violation of company policy as well as federal law. Violation of these company policies will result in disciplinary action up to and including termination.

If you believe you have been discriminated against in violation of federal law, you have the right to seek assistance from:

> Equal Employment Opportunity Commission
> 1407 Union Avenue, Suite 901
> Memphis, Tennessee 38104
> Telephone:   (800) 669-4000
> Website:     www.eeoc.gov

This Notice will remain posted for one year from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____          _____
Date                    EEO Manager, Southwestern Bell


**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED**